**The below described is SIGNED.**

**Dated: March 28, 2011** 



_____
**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>Thomas Dean Lakey,<br><br>                                    Debtor. | Bankruptcy Case No. 10-25593<br><br>Chapter 7<br><br>Judge Joel T. Marker |

## MEMORANDUM DECISION[1]

Creditor Spencer Ball moves this Court for relief from the automatic stay to proceed in the Third District Court for the State of Utah to determine whether the Debtor, Thomas Lakey, violated securities laws and committed fraud in connection with the sale of a security. Mr. Ball initiated an adversary proceeding against the Debtor on September 28, 2010. The Debtor filed a Motion to Quash on December 17, 2010, but the matter was stricken when neither party appeared at the January 10, 2011 hearing. Mr. Ball was the only party to make an appearance at the Initial Pretrial Conference on February 7, 2011, where it was determined that the matter would be held in abeyance pending the resolution of the state court action. This Court instructed

---

[1] This Memorandum Decision constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 9014 and 7052. Any of the findings of fact herein are also deemed to be conclusions of law and conclusions of law herein are also deemed to be findings of fact and shall be equally binding as both.

Mr. Ball to file a Motion for Relief from the Automatic Stay and to give notice to the Debtor. Mr. Ball filed his Motion for Relief on February 24, 2011, and the Court held a hearing on the Motion on March 16, 2011 at which both parties appeared.

Debts arising from securities laws violations and fraud in connection with a purchase or sale of securities are nondischargeable under § 523(a)(19) of the Bankruptcy Code. This Court follows the reasoning of *In re Jafari* in requiring that, absent a settlement agreement or other consensual determination of liability, a determination of liability must occur outside of the bankruptcy forum.[2] Mr. Ball, therefore, must have his securities claims heard in the state court to determine liability. In order to facilitate this process and allow the state court case to proceed, the Mr. Ball's Motion for Relief from Stay is granted. If liability is imposed on the Debtor in that case, then this Court may determine whether the debt is nondischargeable under § 523(a)(19). Mr. Ball's remaining claims are held in abeyance until the state court makes a determination on the securities claims. A separate Order will be issued in accordance with this Memorandum Decision.

-------------------------------------------END OF DOCUMENT-------------------------------------------

---

[2] *In re Jafari*, 401 B.R. 494, 499 (Bankr. D. Colo. 2009).

\_\_\_\_\_ooo0ooo\_\_\_\_\_
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

J. Spencer Ball
3690 E. Ft. Union Blvd #101
Salt Lake City, Utah 84121
 *Pro Se Creditor*

Thomas Dean Lakey
1104 N. 1220 W.
Provo, Utah 84604
 *Pro Se Debtor*